# EXHIBIT A

IN THE CIRCUIT COURT OF THE TWELFTH JUDICIAL CIRCUIT
WILL COUNTY, ILLINOIS

BRYAN WHATELY

**Plaintiff**

vs

OFFICER GREGORY GRUNDER, and the CITY OF LOCKPORT, ILLINOIS

**Defendant**

CASE NO. 18 L 694

## SUMMONS – REQUIRING APPEARANCE WITHIN 30 DAYS AFTER SERVICE

To each defendant: OFFICER GREGORY GRUNDER 1212 S. Farrell Road Lockport, IL 60441

CITY OF LOCKPORT 222 E. 9th St. Lockport, IL 60441

You are summoned and required to file an answer to the complaint in this case, a copy of which is hereto attached, or otherwise file your appearance, in the office of the clerk of this court within thirty (30) days after service of this summons, not counting the day of service.
**IF YOU FAIL TO DO SO, A JUDGMENT OR DECREE BY DEFAULT MAY BE TAKEN AGAINST YOU FOR THE RELIEF ASKED IN THE COMPLAINT.**

E-filing is now mandatory for documents in civil cases with limited exemptions. To e-file, you must first create an account with an e-filing service provider. Visit http://efile.illinoiscourts.gov/service-providers.htm to learn more and to select a service provider. If you need additional help or have trouble e-filing, visit http://www.illinoiscourts.gov/FAQ/gethelp.asp, or talk with your local circuit clerk's office.

Please contact the Will County Circuit Clerk's Office, 14 W. Jefferson Street, Room 212, Joliet, IL 60432 by telephone (815)727-8592 or visit our website www.circuitclerkofwillcounty.com for more information.

To the Officer:

This summons must be returned by the officer or other person to whom it was given for service, with indorsement of service and fees, if any, immediately after service. If service cannot be made, this summons shall be returned so indorsed.

This summons may not be served later than thirty (30) days after its date.

WITNESS 08/22/2018 , 20____

*Andrea Lynn Chasteen*

**ANDREA LYNN CHASTEEN**
(Clerk of the Circuit Court)

Attorney or Party, if not represented by an attorney
Name Anthony Tomkiewicz
ARDC # 6270741
Firm Name The Law Office of Attorney Anthony Tomkiewicz, P.C.
Attorney for Plaintiff
Address 5314 Dan Patch Drive
City & Zip Plainfield, IL 60544
Telephone (630) 340-3555

_____, 20____
(To be inserted by officer on the copy left with the defendant or other person)

ANDREA LYNN CHASTEEN, CLERK OF THE CIRCUIT COURT OF WILL COUNTY

16F Revised (08/18)

Andrea Lynn Chasteen
Will County Circuit Clerk
Twelfth Judicial Circuit Court
Electronically Filed
18L694
Filed Date: 8/13/2018 12:00 AM
Envelope: 1819432
Clerk: JH

IN THE CIRCUIT COURT OF THE 12th JUDICIAL CIRCUIT
WILL COUNTY, ILLINOIS

BRYAN WHATELY, )
    Plaintiff, )
  )
vs. ) No. 18L694
  )
OFFICER GREGORY GRUNDER, and the )
CITY OF LOCKPORT, ILLINOIS, )
  Defendants. )

RECEIVED
AUG 23 2018
CITY OF LOCKPORT

## COMPLAINT AT LAW

NOW COMES, Plaintiff, BRYAN WHATELY, through his Attorney, The Law Office of Attorney Anthony Tomkiewicz, P.C., and complaining of the Defendants, OFFICER GREGORY GRUNDER, and the CITY OF LOCKPORT, ILLINOIS, alleges the following:

### I. STATEMENT OF FACTS

1. On August 12, 2016, the Plaintiff was a resident of the Village of Romeoville, County of Will, State of Illinois.

2. On the aforesaid date, Defendant, OFFICER GREGORY GRUNDER (hereinafter referred to as "GRUNDER") was employed with the City of Lockport, Illinois Police Department.

3. On the aforesaid date, Defendant, CITY OF LOCKPORT, ILLINOIS (Hereinafter referred to as "LOCKPORT") was a unit of local government, organized under Illinois law with its principal offices in the City of Lockport, County of Will, State of Illinois.

4. On the aforesaid date, at approximately 12:37 a.m. Plaintiff was operating a motor vehicle Eastbound on East 10th Street, East of South State Street, in the City of

1

Initial case management set for
12/03/2018 at: 9:00 a.m.

Lockport, County of Will, State of Illinois. At the same time, GRUNDER, was in a marked City of Lockport police motor vehicle, in full uniform that contained badges and insignia that readily identified him as a law enforcement officer for the City of Lockport, and he was visibly equipped with law enforcement items including a firearm. GRUNDER followed Plaintiff's vehicle with his vehicle and then initiated a traffic stop by turning on the police vehicle's emergency lights.

5. Upon being signaled with the police vehicle emergency lights, Plaintiff stopped his vehicle. GRUNDER approached Plaintiff, ordered Plaintiff to produce identification, interrogated Plaintiff, removed Plaintiff from the vehicle, arrested Plaintiff, charged Plaintiff with DUI and other traffic offenses, and impounded the motor vehicle Plaintiff was driving. At the time of Plaintiff's arrest, GRUNDER had not observed Plaintiff commit a crime, traffic offense or violate any law; GRUNDER did not have reasonable suspicion to believe that Plaintiff had committed any offense, was about to commit any offense, or was in the process of committing any offense; GRUNDER lacked official authority to detain and arrest Plaintiff; and GRUNDER did not possess a warrant for the arrest of Plaintiff.

6. On January 25, 2017, the criminal case charging Plaintiff with Driving Under the Influence, Improper U-turn, and Failure to Notify Change of Address were dismissed with prejudice after hearing.

## COUNT I

### CLAIM OF FALSE ARREST AGAINST OFFICER GREGORY GRUNDER

2

1-6. Plaintiff adopts and incorporates paragraphs 1 through 6 of the Statement of Facts as though fully stated herein as paragraphs 1 through 6 of Count I.

7. Defendant GRUNDER arrested Plaintiff without warrant, without probable cause, and said arrest was unlawful.

8. Plaintiff brings this action pursuant to 42 U.S.C. Section 1983.

9. Pursuant to 42 U.S.C. Section 1988(h), the Court may award Plaintiff his reasonable attorney's fees.

WHEREFORE, Plaintiff, BRYAN WHATELY, prays for Judgment in his favor and against Defendant OFFICER GREGORY GRUNDER in a sum in excess of $50,000.00.

## COUNT II

### CLAIM OF MALICIOUS PROSECUTION AGAINST OFFICER GREGORY GRUNDER

1-6. Plaintiff adopts and incorporates paragraphs 1 through 6 of the Statement of Facts as though fully stated herein as paragraphs 1 through 6 of Count I.

7. That after the arrest of Plaintiff, Defendant GRUNDER completed an arrest report, including a Law Enforcement Sworn Report (See Report of Arrest and Sworn Report, attached hereto and made a part hereof as EXHIBIT A).

8. That Defendant GRUNDER forwarded the Reports in Exhibit A to the Will County State's Attorney's office for the purposes of that office initiating and prosecuting

3

a criminal case of Driving Under the Influence against the Plaintiff; and GRUNDER forwarded a copy of the Sworn Report in Exhibit A to the Illinois Secretary of State's Office for purposes of suspending Plaintiff's Driver's License, when Defendant GRUNDER knew the reports were false.

9. That the Will County State's Attorney's Office, based upon the false reports in Exhibit A, filed and prosecuted charges against Plaintiff for Driving Under the Influence, and that the Illinois Secretary of State, based upon the false reports, suspended the Plaintiff's Driver's License.

10. That at the time that Defendant GRUNDER prepared the reports in Exhibit A, Defendant GRUNDER had no probable cause to arrest Plaintiff, had no probable cause to believe that the Plaintiff had committed Driving Under the Influence or any other offense.

11. That as a direct and proximate result of the criminal charges and license suspension initiated by Defendant GRUNDER, Plaintiff had suffered monetary damages, incurred administrative, court and legal costs and fees, and his reputation has been damaged, Plaintiff has been damaged.

WHEREFORE, Plaintiff, BRYAN WHATELY, prays for Judgment in his favor and against Defendant OFFICER GREGORY GRUNDER in a sum in excess of $50,000.00.

4

## COUNT III

### SECTION 1983 CLAIM AGAINST CITY OF LOCKPORT

1-6. Plaintiff adopts and incorporates paragraphs 1 through 6 of the Statement of Facts as though fully stated herein as paragraphs 1 through 6 of Count I.

7. Based on information and belief, prior to August 12, 2016, there existed prior instances involving false arrests by GRUNDER.

8. Based on information and belief, prior to August 12, 2016, there existed prior instances involving malicious prosecutions by GRUNDER.

9. Defendant LOCKPORT is liable under 42 U.S.C. Section 1983 for its deliberate indifference to the prior instances of false arrest by GRUNDER and prior instances of malicious prosecutions by GRUNDER, and failed to discipline GRUNDER regarding his making false arrests and malicious prosecutions.

10. That LOCKPORT is liable under 42 U.S.C. Section 1983 for its deliberate indifference to the prior false arrests and malicious prosecutions by GRUNDER.

11. Pursuant to 42 U.S.C. Section 1988(h) the Court may award Plaintiff his reasonable attorney fees.

WHEREFORE, Plaintiff, BRYAN WHATELY, prays for Judgment in his favor and against Defendant OFFICER GREGORY GRUNDER in a sum in excess of $50,000.00.

Respectfully Submitted,

                                THE LAW OFFICE OF ATTORNEY
                                ANTHONY TOMKIEWICZ, P.C.

                                BY: _____
                                    Anthony Tomkiewicz,
                                    Attorney for Plaintiff

THE LAW OFFICE OF ATTORNEY
ANTHONY TOMKIEWICZ, P.C.
15314 Dan Patch Drive.
Plainfield, IL 60544
(630)340-3555
No. 6270741
tonylaw1@comcast.net

# EXHIBIT A.

# REPORT OF ARREST AND SWORN REPORTS

| L1 - LOCKPORT POLICE DEPARTMENT | CASE REPORT | L1-16-0000631-001 |
|---|---|---|

1212 Farrell Rd
Lockport, IL 60441
(815) 838-2132

Approved By:
Approved On:

## INCIDENT SUMMARY

Subject: T - Traffic Stop
Occurred On: Friday  8/12/2016 12:37:00 AM
Occurred Address: E 10th St / S Hamilton St, LOCKPORT

Reported On: 8/12/2016 12:37:00 AM
Or Between:
Location Name:

Report Type: Criminal Report (Arrest Made)
Disposition: ADULT ARREST - CLEARED
Reporting Officer: Grunder, Gregory 542
Assisted By:
Brice, Daniel 523
Weitzel, Matthew 532

Beat: L122

Juvenile Report: N - No

| OFFENSE | HATE BIAS | COMPLETED |
|---|---|---|
| 2410 - DUI-ALCOHOL | | Yes |
| 6628 - IMPROPER BACKING | | Yes |
| 6645 - FAILURE TO NOTIFY SOS OF ADDRESS CHANGE | | Yes |

## ARRESTEE

| Name: Whately, Bryan J | | LEADS #: | DCN #: L61228980 |
|---|---|---|---|
| Alias | | | |
| Sex: Male | Race: White | DOB: ███ | Age: 27 |
| Height: 6' 0" | Weight: 225 | Hair: Brown | Eye: Hazel |
| SSN #: | | DLN #: V███ | DLN State: Illinois |
| Employer / School: | | Occupation / Grade: | |
| Address Type | Address | | City / State / Zip |
| H - Home/Residence | 1958 Jacquie Ave | | Romeoville, IL 60446 |
| Phone Type | | Phone # | |
| Scar / Mark / Tattoo | SMT Location | Description | |

### ARREST INFORMATION

| Arrested for Offense | # of Charges | Statue |
|---|---|---|
| 2410 - DUI-ALCOHOL | 1 | 625 ILCS 5/11-501 |
| 6628 - IMPROPER BACKING | 1 | |
| 6645 - FAILURE TO NOTIFY SOS OF ADDRESS CHANGE | 1 | |

Armed With: None
Arrest Type: Taken Into Custody          Arrest Date: 8/12/2016
Modus Operandi: Traffic Related
Disposition: 87 - ARRESTED/HELD FOR PROSECUTION/RELEASED ON BOND
FBI #:                SID #:              Fingerprints: Yes          Photos: Yes
Multi-Clearance: Count Arrestee           Habitual Offender Status:
Attire:
Date / Time Booked:                       Date / Time Released:
Released By: Grunder, Gregory 542         Bond Type:

## VICTIM

Victim Type: Government          LEADS #:

Page 1 of 6

8/19/2016 11:43:00 AM

| LI - LOCKPORT POLICE DEPARTMENT | CASE REPORT | L1-16-0000631-001 |

Victim Of: 2410 - DUI-ALCOHOL
6628 - IMPROPER BACKING
6645 - FAILURE TO NOTIFY SOS OF ADDRESS CHANGE
Name / Entity Name: STATE OF ILLINOIS
Individual Information
Alias:
Sex:                Race:               DOB:                    Age:
Height:             Weight:             Hair:                   Eye:
SSN #:                                  DLN #:                  DLN State:
Employer / School:                      Occupation / Grade:
Address Type        Address                         City / State / Zip
Phone Type                              Phone #
Attire:

Injuries / Weapons
Offense                 Injury                      Injury Weapon

Offender Relationships
Offender                Relationship                Offense

## OTHER PEOPLE AND ENTITES

Entity Type: PASSENGER
Name:                                   LEADS #:
Alias
Sex:                Race:               DOB:                    Age:
Height:             Weight:             Hair: Green             Eye:
SSN #:                                  DLN #:                  DLN State: Illinois
Employer / School: QUALITY HINGES       Occupation / Grade: WELDER
Address Type        Address                         City / State / Zip
H - Home/Residence
Phone Type                              Phone #
Attire:

PROPERTY                                Evidence Tag:

Owner:                                          Recovered Date:
Property Category:      AUTO                    UCR Type:           03
Property Type:          TK - Truck              LEADS #:
Status:                 Towed / Impounded       Count:              1
Description:            TAN DODGE DAKOTA        Value:
Finish:                                         Condition:
Manufacturer:           DODG - Dodge            Model:              DAK - Dakota
Serial / Vin / Hull #:  1D7GL12K44S726910

Vehicle/Boat Year:      2004                    Boat Name:
Body Style:             Pick-up Truck           Hull Shape:
Odometer:                                       Propulsion:
                                                Boat Length:

License Number:         1174937B
License State:          Illinois                Bicycle Speed:
License Exp. Date:      07-2017                 Bicycle Wheel Size:
Color Type              PR - Primary            Color               ˙TAN - Tan
DRUG INFORMATION
Drug Measure:                                   Drug Quantity:

FIREARM INFORMATION
Firearm Caliber:                                Barrel Length:

8/19/2016 11:43.00 AM

L1 - LOCKPORT POLICE DEPARTMENT  **CASE REPORT**  L1-16-0000631-001

Firearm Color:
Mag/Cylinder Capacity:
Safety:
Live Cartridge in Cylinder:
Live Cartridge in Magazine
Discharged Cartridges at Scene

Firearm Action:
Loaded:
Cocked:
Live Cartridge in Chamber
Live Cartridges at Scene

Discharged Cartridges in Cylinder

| L1 - LOCKPORT POLICE DEPARTMENT | CASE REPORT | L1-16-0000631-001 |

## NARRATIVE

The following report is a summary; not verbatim.

On Friday, 08/12/16, approximately 12:37AM, I, Ofc G. Grunder #124, was stopped in my patrol vehicle on E. 10th Street westbound, at the intersection of S. State Street.

At this time, I observed a Tan 2004 Dodge Dakota, bearing IL registration 1174937B, back out of an angled westbound parking spot in the 100 block of W. 10th Street. As the Dodge did so, it continued to reverse into the eastbound lane, and into the angled eastbound parking spots; in a U-Shape fashion on the grade of the hill in the 100 block of W. 10th Street. The Dodge then changed gears, drove forward on W. 10th Street eastbound, and came to a stop at the white stop line at the intersection of S. State Street. When the traffic signal displayed a green light, the Dodge continued eastbound on E. 10th Street through the intersection. I then turned around and followed the Dodge.

I then activated my emergency lights to initiate a traffic stop. The Dodge slowed, pulled to the right, and stopped on E. 10th Street eastbound, just east of Hamilton Street. I approached the driver's side window of the Dodge, where I spoke with the driver; later identified as Bryan J. Whately ▓▓▓▓▓▓

It should be noted; while speaking with Whately, I could smell a strong odor of an alcoholic beverage emanating from him, which grew stronger as he spoke. Whately seemed "thick tongued"; often slurring his speech. Whately's eyes had a bloodshot and glassy appearance to them.

I advised Whately of my office and the reason for the traffic stop. I asked Whately for his driver's license and proof of insurance for the Dodge. Whately seemed to have difficulty using his fingers to separate his driver's license from the pockets of his wallet; as he fumbled with his wallet during his attempts to separate the two. Whately provided me with his valid IL driver's license. Whately initially handed me several expired insurance cards, but ultimately was able to provide me with valid proof of insurance for the Dodge.

Whately stated he had come from Paradise Bay to pick up his ▓▓▓▓▓▓ who had been drinking there. Whately stated before leaving with ▓▓▓▓▓ he ate a turkey sandwich at Paradise Bay. Whately stated he was on his way to ▓▓▓▓▓ house. Whately stated he had two drinks throughout the day; with his first drink being at approximately 4:00PM, and his last being at approximately 8:00PM. I asked Whately if he was still living at his Plainfield address attached to his driver's license, and he advised me he had moved from that address and had been living in Romeoville for several months.

I returned to my patrol vehicle, ran Whately's information through LEADS, and returned to the driver's side window of the Dodge to speak with Whately.

Ofc D. Brice and Ofc M. Weitzel arrived to assist.

I asked Whately if he would perform Standardized Field Sobriety Tests (SFST), to which he replied "No." I instructed Whately to exit the Dodge, and walk the length of his vehicle towards me. I had Whately stand near the rear of the Dodge. It should be noted; outside of the Dodge, I continued to smell a strong odor of an alcoholic beverage emanating from Whately, which grew stronger as he spoke.

I advised Whately I could smell the strong odor of an alcoholic beverage emanating from him, which grew stronger each time he spoke. I asked Whately why he smelled so strongly of an alcoholic beverage if he had his last drink approximately 4 and a half hours prior to the traffic stop, and had eaten since then. Whately repeatedly stated, "Okay", and didn't provide an answer to my question. I asked Whately if he had more to drink than what he initially told me, and he stated he did. Whately then told me he had approximately 5 drinks, and had his last drink prior to leaving the bar. I explained the importance of SFSTs, and asked him again if he would perform them. Whately stated, "No." I asked Whately why he wouldn't perform SFSTs, and he replied "Because of the degree of uncertainty." I asked Whately what he meant by that statement, but he just repeated the statement. I asked Whately if he would provide a breath sample into the Intoximeters Preliminary Breath Test (PBT) device. Whately stated, "No." I asked Whately why he wouldn't provide a breath sample, and he repeated, "Because of the degree of uncertainty."

Page 4 of 6

8/19/2016 11:43:00 AM

| LI - LOCKPORT POLICE DEPARTMENT | **CASE REPORT** | L1-16-0000631-001 |

At approximately 12:51AM, I placed Whately under arrest for driving under the influence (DUI). I then placed Whately into handcuffs, checked for fit, and double locked them. I conducted a brief custodial search on Whately, placed him into the rear passenger seat of my patrol vehicle, and fastened his seatbelt.

I approached the Dodge and advised ▓▓▓ to exit the vehicle. ▓▓▓ immediately became irate. ▓▓▓ exited the Dodge, and I instructed him to walk to the rear of the vehicle. ▓▓▓ began walking, but stopped when he reached the bed of the Dodge and said "You know what? Fuck you guys." I instructed ▓▓▓ to keep walking. He instead turned around, faced Ofc Brice, and stated, "Excuse me." ▓▓▓ tempted to walk around Ofc Brice, and back to the passenger side of the Dodge. I then placed ▓▓▓ into handcuffs, checked for fit, and double locked them. I then had ▓▓▓ it on a near by curb.

I conducted a brief vehicle inventory on the Dodge. I transported Whately from the scene, to the station (LPD), for the booking process. ▓▓▓ was transported to his residence by Ofc Weitzel, and released from temporary custody.

Ofc Brice remained on scene with the Dodge. The next available tow was requested from WESCOM, and WESCOM advised O'Hare Towing would be responding. Ofc Brice completed a vehicle tow and inventory report form. A $500.00 administrative fee was assessed, and a 12 police hold was applied; both for DUI. O'Hare towed the Dodge from the scene.

Upon arrival at the station, I escorted Whately from my patrol vehicle, into the booking room. I conducted a full custodial search on Whately, and then secured him across from me at the booking room desk.

I issued Whately a citation for DUI (A2) (Cit. No. 3171470).

At approximately 1:39AM, I finished reading the Warning to Motorist to Whately. Whately signed the Warning to Motorist and was issued his copy.

Whately was photographed and fingerprinted.

At approximately 2:04AM, Whately refused to provide a breath sample into the Intoximeters EC/IR II (Serial No. 008474). The Intoximeters printed a receipt for the test (Test No. 842). I completed an entry for the test in the LPD Intoximeters log book.

I completed the Law Enforcement Sworn Report, signed the back of Whately's copy, and issued it to him.

I issued Whately two additional citations: Improper U Turn – hill or crest (Cit. No. 3171471) and Failure to notify SOS of address change (Cit. No. 3171472). I advised Whately of his mandatory court appearance at the Will County Circuit Court, on Monday, 09/12/16, at 9:00AM, in room 314.

Whately's attorney arrived at the station, and provided me with $100.00 USD for Whately's bond. Whately posted bond with $100.00 USD (which was sealed and deposited in the booking room envelope depository) and his valid IL driver's license. I completed a bail bond deposit form, which Whately signed, and was issued a copy. Whately was released from police custody, and left the station with his attorney.

In-car camera footage from Squad 519 was submitted into evidence. It should be noted; when I attempted to stop the recording upon arriving at the station, the camera monitor displayed a blue screen, stating "MEDIA ERROR !! PLEASE REBOOT". When I later attempted to review my camera footage of the traffic stop, the camera displayed the same screen. Evidence Technician Ofc A. Schreiner later advised me he was unable to locate a recording for the stop.

End of report.

Ofc G. Grunder #124

Reporting Officer _____

Approved By _____

| L1 - LOCKPORT POLICE DEPARTMENT | CASE REPORT | L1-16-0000631-001 |